Paquin v. Braley.

*Felix Paquin vs. John B. Braley.

P. mortgages to B. a forty acre tract and subsequently conveys to S. two and a half acres of said tract. B. afterward, and with full knowledge of the conveyance to S., forcloses the mortgage by advertisement, in pursuance of the power of sale contained in the mortgage, and sells the premises *as one tract*. *Held*—not to be error.

In pursuance of the power of sale in a mortgage, B. (a mortgagee) advertised for sale the mortgaged premises, and the sheriff, acting as his agent, at the time and place fixed, offered said premises for sale, and B. bid them off for $500. After the sheriff had sold certain other lands, and in fifteen or twenty minutes after the *first* sale, he *re-offered* the premises first sold, and they were again bid off by B. for $542.26. *Held*—That the power of the sheriff or B. to sell was exhausted by the first sale, and therefore the second sale was a nullity.

This action was brought in the District Court of Rice County, to set aside certain mortgage foreclosure sales, &c. The cause was tried by a jury and a special verdict rendered therein. The facts as they appear in the pleadings, and as found by such ver-

---

* This cause was argued and submitted before the election of Mr. Justice Berry.

Paquin v. Braley.

dict are substantially as follows: In July, 1857, one Norbert Paquin was the owner of the s. w. quarter of s. w. quarter, sec. 29, T. 110, R. 20, (40 acres); also the s. e. quarter, sec. 19, T. 110, R. 21, and s. e. quarter, sec. 23, T. 110, R. 22, in Rice county. In July 1857, he mortgaged the first described lands (40 acres,) to the defendant Braley for $2,000, and in October, 1857, the other lands to defendant for $400. In August, 1858, he conveyed 2½ acres of said forty acre tract to Breck and Sanford, and in March, 1859, conveyed his interest in the mortgaged premises to the plaintiff. Both of said mortgages were foreclosed by advertisement, and the premises struck off and sold to defendant on the 21st September, 1859. At the sale the lands mentioned in the second mortgage, (except 80 acres which had been previously released,) were first sold to the defendant for $500, and the lands mentioned in the first mortgage (40 acres,) were sold to the defendant *as one parcel* for $1,888.15. After said last mentioned sale, the premises first sold were re-offered for sale and sold a second time to the defendant for the sum of $542.26. The plaintiff was present at the sale, and demanded that the 40 acres should be sold in separate parcels. The defendant had notice of the conveyance of said 2½ acres to Breck and Sanford. The plaintiff also objected to said second sale. The jury found the value of the 40 acres at the time of the sale as follows, to-wit: 37½ acres at $45 per acre, the 2½ acres at $60 per acre, making in the aggregate, $1,692.50, and the value of the other lands, $2.50 per acre. Upon the special verdict the Court directed judgment to be entered for the defendant, refusing to set aside either of said sales. The plaintiff sues out a writ of error and removes the cause to this Court.

BATCHELDER & BUCKHAM for Plaintiff in Error.

BERRY & PERKINS for Defendant in Error.

*By the Court*—WILSON, C. J.—Norbert Paquin being the owner of the following described premises mortgaged to the defendant, (1), the s. w. quarter of s. w. quarter, sec. 29, T. 110, R. 20;

(2), s. half of s. e. quarter, sec. 19, and s. e. quarter of sec. 23.

Subsequently in August, 1858, he conveyed to J. Lloyd Breck and D. P. Sanford, 2½ acres lying in a square form in the n. e. corner of said s. w. quarter of s. w. quarter of sec. 29, and in March, 1859, he conveyed the whole of said mortgaged premises (except said 2½ acres,) to the plaintiff.

In August, 1859, the defendant in pursuance of the power of sale contained in said mortgages, advertised the premises for sale and in September, 1859, sold them as follows :

At the mortgagee's sale the Sheriff who acted as the agent of defendant in making the sale, first offered the premises described in the second mortgage aforesaid, and the defendant bid them in for the sum of $500, that being the highest sum bid therefor.

The Sheriff next offered *as one lot or tract* the premises described in the first mortgage, (s. w. quarter of s. w. quarter of sec. 29,) which the defendant also bid off—the Sheriff and defendant at the time of sale knowing that Breck and Sanford were the owners of 2½ acres of the tract.

After this the Sheriff *re-offered* the premises first sold, and they were bid off by the defendant for the sum of $542.26. This sale was fifteen or twenty minutes after the first sale of the same premises.

On the facts two questions are presented to the Court: First, whether it was error in the defendant to offer and sell the premises described in the first mortgage *as one tract or lot?*

Second, whether the Sheriff had any power to *re-offer* or *re-sell* the premises described in the second mortgage ?

As to the first question it will be observed that it is not whether Breck and Sanford or the plaintiff could in a court of equity have compelled the defendant to sell in the subdivision existing at the time of sale. Breck and Sanford here ask for no relief, and the plaintiff does not show that the course pursued was inequitable or prejudicial to his rights. It is simply a *legal* question whether the sale of said 40 acre tract *in one parcel* was in contravention of the statute and *therefore* void.

The Court are unanimously of the opinion that there was no

vol. x.—49

error in the course pursued in the sale of that tract.    The majority of Court consider that the *mere sale* to Breck and Sanford did not make said 2½ acres a *"distinct tract or lot"* within the meaning of the statute.    I think  that where lands mortgaged as one  tract or lot, are subsequently cut up into lots, the mortgagee upon a fore-closure of the mortgage under the  statute is not bound to adver-tise or sell in  parcels unless  so ordered by a court of equity, and on this ground I concur with my brethren in the opinion that there was no error in the sale of this tract.

As to the  second question presented we are clearly of the opin-ion that the  power of the  Sheriff (or  defendant,) to sell was  ex-hausted by the *first* sale.

The duties of the Sheriff in making the sale were merely minis-terial.    He had no right to disregard or power to set aside a prior sale.    The second sale was therefore a nullity.

The cause is  remanded to the. Court  below with instructions to modify its judgment in accordance with this opinion.