## COWDREY v. CARPENTER.

### June, 1869.

Reversing 1 *Robt.* 429; S. C., 19 *Abb. Pr.* 373.

An agreement, by an assignor of a mortgage, with his assignee, that on foreclosure of a prior mortgage covering the same and other premises, the decree shall contain a provision that the other premises be sold first, and their proceeds be applied to the prior mortgage, is not void, as a wager, nor as against public policy, if it be not shown that the relation of the parties interested in the fund was such as to render it inequitable.[*]

The equitableness of such an agreement may be presumed, in support of its validity, although the court ordered a sale in one parcel.

In such an agreement, a stipulation that if it be not performed the assignor is to pay the assignee, as liquidated damages, a specific sum (equal to the amount of the mortgage), is a stipulation for liquidated damages, and not a penalty.

In an action thereon, the damages cannot be reduced by showing that the property would not have sold separately for more than it sold for in one parcel; nor is it a defense that the promisor made an honest endeavor to secure such decision.[†]

Plaintiff is not bound to tender a re-assignment of the mortgage before suing for the stipulated damages.

---

[*] For other cases illustrating the principles applicable to contracts relating to the administration of justice, see Brooks *v.* Ball, 18 *Johns*, 337; where a promise of a debtor to pay, if the creditor would swear to the correctness of his claim, was held binding. Compare also Hurd *v.* Pendrigh, 2 *Hill*, 502; Rourke *v.* Duffy, 15 *Abb. Pr.* 340.

See, as to validity of agreements not to oppose the obtaining a particular decision, Lamport *v.* Beeman, 34 *Barb.* 239; Seaman *v.* Seaman, 12 *Wend.* 381; Palmer *v*, North, 35 *Barb.* 282; Adams *v.* Outhouse, 45 *N. Y.* 318. The secret agreement of a creditor not to oppose a discharge is held void on peculiar grounds.

Under an agreement, that in case a suit is decided in favor of a certain party, the covenantor will convey, &c., the condition cannot attach until the suit is determined. Selden *v.* Pringle, 17 *Barb.* 458.

But an agreement to pay if a judicial decision is obtained, does not contemplate a postponement of payment till a decision of the court of last resort is had. Wadsworth *v.* Green, 1 *Sandf.* 78.

Compare Cummins *v.* Barkalow, p. 479 of this volume.

[†] If a covenant be within the range of possibility, however absurd or improbable it may be, it will be upheld. To excuse non-performance, it must appear that the thing to be done cannot by any means be accom-

Nathaniel A. Cowdrey sued Jacob Carpenter, in the New York superior court, on a written agreement, given by Carpenter to Cowdrey, on selling him a mortgage, by which agreement Carpenter covenanted that in case of the foreclosure of a certain prior mortgage, which included other lots besides those included in the mortgage assigned, the order of sale should require such other lots to be first sold, for payment of the prior mortgage.

The facts concerning the mortgages, as far as proved on the trial, were that Benj. W. Bonney made a mortgage to Alfred Roe for five thousand dollars, upon nine lots in Brooklyn, N. Y. Subsequently W. A. Coit, having become owner of two of these nine lots, made a mortgage of the two to one Hawke, for two thousand dollars. This mortgage became the property of the defendant Carpenter, by mesne assignments, which it is unnecessary to notice.

On August 9, 1860, after Roe had commenced an action to foreclose his five thousand dollar mortgage of the nine lots, Carpenter sold to plaintiff the two thousand dollar mortgage of the two lots, covenanting with him that there were no other incumbrances than the five thousand dollar mortgage and and taxes; and adding the following stipulation:

"And that the order of sale under the foreclosure proceedings on said five thousand dollar mortgage shall require the other property, not covered by the two thousand dollar mortgage to be first sold, and the proceeds applied to the satisfaction of said five thousand dollar mortgage.

"If this last is not done, then I am to pay to said Cowdrey, as liquidated damages, the sum of two thousand dollars, with interest and costs, immediately after any sale thereof shall be made."

Cowdrew sued on this contract, alleging that he paid Carpenter the full value of the two thousand dollar mortgage; that a decree foreclosing the five thousand dollar mortgage was obtained; but that it did not require the lots not included in the

---

plished. Thus where defendant covenanted to perfect a patent right in England for the plaintiff's benefit,—*Held*, that the fact that, under the British statute, this could not be done, did not excuse him, it not being shown that it could not be effected by act of Parliament. Beebe *v.* Johnson, 19 *Wend.* 500.

two thousand dollar mortgage to be sold first, but the whole premises were sold together, yielding only a surplus of seven hundred and eighty-three dollars and twenty-five cents after paying the larger mortgage, with costs, &c., which surplus plaintiff received and applied in reduction of his claims against defendant, for two thousand dollars liquidated damages.

On the trial, questions put by the defendant to the witnesses for the purpose of proving that he attempted to procure the provision in the decree as to mode of sale; that the property would not have sold for more, if the two parcels had been separately sold in the order stipulated for; and that Cowdrey, the plaintiff, had not offered to return the mortgage to defendant; —were all excluded; and exceptions were taken.

Defendant requested the court to charge that plaintiff could not recover unless he proved damages, and also tendered a reassignment of the bond and mortgage. These requests were refused.

The plaintiff obtained a verdict for the deficiency of about one thousand three hundred dollars.

*The superior court,* at general term, set aside the verdict on the grounds:—

1. That this contract was void because it was a contract to induce the court to make an order which, for want of proof that the two lots were sold by Bonney before the other lots, must be presumed to be inequitable, and contrary to established practice.

2. That it was void as against public policy, as a contract to pay liquidated damages, if the court, in a pending suit, should fail to make a particular order affecting substantial interests.

3. That it was void as a wager, under 1 *R. S.* 662, § 8, forbidding all wagers, &c., " depending on any unknown or contingent event whatever." Citing Hall *v.* Bergen, 19 *Barb.* 122. (Reported in 1 *Robt.* 429 ; S. C., 19 *Abb. Pr.* 373.)

Plaintiff appealed to this court.

*F. N.* and *C. W. Bangs,* for plaintiff, appellant;—That an innocent construction should be adopted, cited Darling *v.* Rogers, 22 *Wend.* 488 ; Andrews *v.* Pontue, 24 *Id.* 288 ; Hall *v.* Newcomb, 3 *Hill,* 235. That it was legitimate to get a security

against apprehended loss, as distinguished from gratifying a spirit of cupidity and adventure. People v. Sergeant, 8 *Cow.* 139. That this was a contract of indemnity, not a wager, and valid in favor of one having an interest. Valton v. National Ass. Soc., 22 *Barb.* 10; distinguishing Hall v. Bergen, 19 *Id.* 122. That the sum was was a valid liquidation of damages; *Sedgw. on D.* 221, 222; Bagley v. Peddie, 16 *N. Y.* 469; Cotheal v. Talmage, 9 *N. Y.* (5 *Seld.*) 551; Clement v. Cash, 21 *N. Y.* 253.

*A. R. Dyett,* for defendant, respondent;—That the sum was a penalty, cited, Lampman v. Cochran, 16 *N. Y.* 275; Beal v. Hayes, 5 *Sandf.* 640; Bagley v. Peddie, *above ;* Dennis v. Cummins, 3 *Johns. Cas.* 297; 2 *Edw.* 471; 9 *Paige,* 101; 1 *Den.* 464; Spencer v. Tilden, 5 *Cow.* 144; 4 *E. D. Smith,* 220; 2 *Story on Cont.* 4 ed. §§ 1020, 1021. That the sale of all together, *and* the application of the proceeds solely to the payment of the five thousand dollar mortgage, was a substantial performance of the stipulation, see 10 *Wend.* 218; 1 *Id.* 388; 18 *Johns.* 420; 13 *N. Y.* (3 *Kern.*) 509; 2 *Kent Com.* 505–510, 4 ed.; 5 *Duer,* 336; 14 *N. Y.* (4 *Kern.*) 611, 556; 1 *Barb.* 635; 3 *Id.* 79; *Chitty on Cont.* 10 ed. 794. That the order could not be made, 9 *Paige,* 648; 5 *Mees. & W.* 77; *Story on Cont.* 4 ed. §§ 546–548, 576; 5 *Watts & S.* 315. At any rate, the plaintiff was excused by an honest endeavor to procure it; and it was error to exclude evidence of that endeavor. *Chitty on Cont.* 10 ed. 802–804; Faulkner v. Lowe, 2 *Exch.* 599; Norman v. Cole, 3 *Esp.* 253. That it was a wager, 1 *N. Y.* (1 *Comst.*) 392; 19 *Barb.* 122; 10 *Johns.* 406; 1 *Duer,* 207; 1 *R. S.* 662, § 8. Plaintiff could not recover, without returning the bond and mortgage.

Lott, J.— The principal question presented by the facts above stated, is whether the agreement which is the foundation of this action is valid.

The general term of the superior court, in the opinion given on the reversal of the judgment, placed its decision on the ground that it is void; first, because it is against public pol-

icy; and, second, because it is in the nature of a wager, and prohibited by statute.

We cannot concur in this conclusion.

It is fairly inferable, in the absence of proof or even a suggestion to the contrary, that Judge Bonney, at the time of the execution of the mortgage given by him, owned the whole of the property mortgaged, and that when Mr. Coit executed the mortgage in question he had become the owner of the portion thereof covered by it, leaving the title to the residue still in Judge Bonney. That, under settled principles of equity, would have given the plaintiff the equitable right, as admitted by the court below, and as established by the case of Rathbone *v*. Clark, 9 *Paige*, 648, to have such residue sold first. See also 2 *Story Eq. Jur.* 3 ed. § 1233, *a*.

So too, if the whole of the property had become vested in Mr. Coit, and he had assumed the payment of the first mortgage, the plaintiff would also have had an equitable claim to the interposition of the court, so far as to have compelled Mr. Roe to have exhausted his remedy against the property not covered by the plaintiff's mortgage before recourse was had to that which was covered, upon the general principle of equity, that if a claimant has two funds to which he may resort, a person having an interest in one only has a right to compel the former to resort to the other, if that becomes necessary to satisfy both. *Willard Eq. Jur.* 337, 561, 562; Schryver *v*. Teller, 9 *Paige*, 173.

A judgment in accordance with those principles would have been equitable and proper, for the protection of the right of the plaintiff, the party in interest; and the defendant's contract was, substantially, that such relief would be granted.

There is, therefore, no ground, in my opinion, for saying that such an agreement was either against public policy or a wager.

I am aware that it is said by the learned justice giving the opinion referred to, that while it is to be inferred, probably, that Mr. Bonney, when he gave the five thousand dollar mortgage to Roe, owned all the lots covered by it, it did not appear whether he first aliened the two lots mortgaged to Hawke or the other lots, but he concedes that it may be inferred that

Hawke could not have mortgaged the two lots without having title.

That concession, without proof or even a suggestion that the residue of the property had been sold, warrants the further inference, as already stated, that the title to the residue continued in Judge Bonney.

Presumptions are to be made in favor of the legality, rather than the illegality of the contract; and it was incumbent on the defendant to establish the facts avoiding the obligation entered into, as the admitted facts were, *prima facie*, at least, sufficient to support its validity.

Assuming, then, the contract to be valid, the evidence offered in relation to the question of damages was properly excluded. The damages (as said in the opinion of the court below), related to a single breach or default; they were entirely uncertain, and were the proper subject of liquidation by the parties. They were so liquidated, and hence not a penalty. Clement *v.* Cash, 21 *N. Y.* 253; see also the remarks of RUG-GLES, J., in Cotheal *v.* Talmage, 9 *N. Y.* (5 *Seld.*) 551, maintaining the same principle.

If the proof offered had been admitted, it could not have altered or in any way affected the rule of damages.

It may, however, be proper to add, that if the amount mentioned in the contract is to be construed as a penalty, the defendant was not prejudiced by the exclusion of the evidence.

The plaintiff only claimed and recovered the deficiency due on his bond and mortgage, after the surplus arising from the proceeds of sale had been applied and credited thereon.

That amount he was, in any view of the case, entitled to recover; and I see no principle on which the claim of the defendant can be sustained, that the plaintiff could not recover without a tender to him by the plaintiff of a reassignment of the bond and mortgage.

It is not necessary here to inquire whether he could be entitled to such reassignment on payment of the deficiency sued for. He certainly could not demand it without payment or satisfaction of the amount due from him to the plaintiff on his own contract.

It follows from the views above expressed that the judgment

of reversal should be reversed, and that the original judgment should be affirmed, with costs in both courts.

Order reversed, and judgment for plaintiff on the verdict, with costs.