ALANSON RICHARDS vs. JOHN M. SPICER and others.

October 30, 1876.

Chattel Mortgage—Foreclosure—Equities of Purchaser from Mortgagor must be Asserted before Sale under Mortgage.—On June 2, 1874, M. mortgaged a yoke of oxen, a pair of horses, and a lumber-wagon to S. & L., to secure two promissory notes. In August, M. sold the oxen to R. After this M. executed a second mortgage on the horses and lumber-wagon to S. & L. In March, 1875, when the indebtedness secured by the two mortgages amounted to $325, M. and S. & L. entered into an arrangement by which M. made an absolute sale and delivery of the horses and wagon to S. & L. for $358. By the terms of the arrangement, $275 of this sum was applied upon the mortgage debts, so as to pay the debt secured by the second mortgage in full, and so as to pay all of the indebtedness secured by the first mortgage except $50. The remainder of the $358 was applied to the payment of indebtedness of M. to S. & L. not covered by the mortgage, and which accrued after S. & L. had notice of R.'s purchase of the oxen. Subsequently, by virtue of the first mortgage, upon which $50 remained uncancelled, and was overdue, S. & L. caused the oxen to be taken from plaintiff's possession, and sold in satisfaction of said amount of $50. *Held*, 1. That if, under the facts above appearing, R. had any equities which entitled him to insist that the price of the horses and wagon, under the arrangement of March 18, 1875, should be applied to satisfy and extinguish the first mortgage, it was his duty to take seasonable measures to assert his equities and stop the sale.

Same—Such Purchaser in this Case not Permitted to Attack the Foreclosure.—2. That, as he failed to take such measures, and no excuse is found for his failure, and as the sale is to be presumed to have been fairly conducted and clear of fraud, R. cannot now attack it, or claim that it subjected S. & L. to any liability to him.

Plaintiff brought this action in the district court for Kandiyohi county, against John M. Spicer, Andrew Larson, and Leonard Millard, praying that the sale of a certain yoke of oxen, on foreclosure of a mortgage on the oxen and certain other chattels, might be set aside as fraudulent, and the oxen delivered to plaintiff; or, if a return could not be had, that he recover their value, and for general relief. The action was tried before *John H. Brown*, J., who found the facts to be as stated in the opinion, and ordered judgment for the plaintiff for the value of the oxen. Judgment was entered accordingly, and the defendants Spicer and Larson appealed.

*B. F. Tenness*, for appellants.

*C. L. Brown*, for respondent.

BERRY, J.   On June 2, 1874, Millard mortgaged a yoke of oxen, a pair of horses, and a lumber-wagon to Spicer and Larson, to secure his two promissory notes held by them, and amounting to $200.   In August following, Millard sold the oxen to Richards.   After this, Millard executed a second mortgage of the horses and wagon to Spicer and Larson, to secure his further indebtedness to them in the sum of $100.   On March 18, 1875, when the indebtedness secured by the two mortgages amounted to $325, Millard and Spicer and Larson entered into an arrangement by which Millard made an absolute sale and delivery of the horses and wagon to Spicer and Larson, for the agreed price of $358.   By the terms of the arrangement, $275 only of the agreed price was to be applied upon the mortgage debts.   This was so applied as to pay the debt secured by the second mortgage in full, and so as to pay all the indebtedness secured by the first mortgage except $50.   The remainder of the $358 was applied to the payment of other debts owing by Millard to Spicer and Larson, not covered by either mortgage, and which accrued after Spicer and Larson had notice of plaintiff's purchase of the oxen. Subsequently, under and by virtue of the first mortgage, upon which the sum of $50 remained, in the language of the court below, "uncancelled," and which was, by the terms of the mortgage, overdue, Spicer and Larson caused the oxen to be taken from plaintiff's possession and sold in satisfaction of said sum of $50.

Whatever, in duty to the plaintiff, Spicer and Larson ought to have done in applying the agreed price of $358, and whatever application the plaintiff might have compelled them to make of it, the effect of the arrangement of March 18th, between Spicer and Larson and Millard, was to leave $50 of the debt secured by the first mortgage unpaid in fact, and to leave the mortgage still subsisting as security for that

sum ; and, when the sum thus secured became due, Spicer and Larson had a legal right to take the mortgaged property, or any part of it, and sell it, as they did, under the mortgage, in satisfaction of their claim. Until such sale the plaintiff was entitled to redeem, but if he had any equities which entitled him to insist that the agreed price of the horses and wagon, under the arrangement of March 18, 1875, should be applied to satisfy and extinguish the first mortgage, so as to release the oxen, it was his duty to take seasonable measures to assert his equities and stop the sale. See *Johnson* v. *Williams*, 4 Minn. 260. As he failed to do so, and no excuse is found for his failure, and as, upon the findings, the sale must be presumed to have been fairly conducted and to be clear of any fraud, we perceive no ground upon which the plaintiff can now attack it, or successfully claim that it in any degree violated his rights, or subjected Spicer and Larson to any liability to him.

Judgment reversed.