EDWIN CLARK *et al. vs.* JOSEPH KRAKER *et al.*

Argued Nov. 11, 1892.  Decided Dec. 1, 1892.

**Mortgage Foreclosure—Several Parcels Sold Together.**

Action to set aside a mortgage foreclosure sale, because the mortgaged premises were sold together for a gross sum, it being claimed that the premises constituted separate parcels.  The plaintiffs acquired from the mortgagor interests in different parts of the mortgaged premises, and hence rights of redemption, subsequent to the mortgage.

**Same—Sale not Void, but Voidable.**

Such a sale considered to be not void, but only voidable, and these plaintiffs not having objected to the sale when it was made, nor shown any excuse for not having done so, the sale should not be set aside, no fraudulent conduct being alleged.

**Same—Sale in Inverse Order of Alienation.**

Upon the sale by the mortgagor of a part of mortgaged premises, the vendee becomes equitably entitled to have the remaining premises first sold or applied in satisfaction of the mortgage; and the mortgagor and subsequent purchasers from him cannot complain if the mortgagee respects that equity, and sells such remaining premises alone, nor can they complain if the mortgagee releases the previously conveyed premises from the lien of the mortgage.

Appeal by plaintiffs, Edwin Clark, Clark Milling Company and John M. Clark, from a judgment of the District Court of Stearns county, *Searle*, J., entered April 8, 1892.

Edwin Clark and wife on October 27, 1884, mortgaged to William Bohmer the property described in the opinion.  On August 6, 1890, he and wife mortgaged a part of the property to L. Kells.  On February 9, 1891, he and wife mortgaged to John B. Johnson a part of the property so mortgaged to Kells.  On February 9, 1891, he and wife mortgaged to John M. Clark all the property included in Kells' mortgage and another part of the property mortgaged to Bohmer. On December 31, 1890, he and wife conveyed to the Clark Milling Company, a corporation, the mill, waterpower and a part of the lots so mortgaged.  On October 9, 1886, he conveyed the part of the property known as "Lot 2" to Joseph Kraker for $50.

Bohmer died testate, and the defendants Joseph Kraker and Herman J. Haskamp were executors of his will. They, on February 26, 1891, released "Lot 2" from the lien of the mortgage, and then foreclosed it by advertisement under the power of sale therein. At the foreclosure sale on April 25, 1891, they bid in the entire property except "Lot 2" in one parcel for $17,020.50, the amount then due on the mortgage including $238.50 attorney's fees and disbursements. This action was commenced November 5, 1891, to set aside the foreclosure sale as irregular because the entire property was sold in one parcel. Judgment was rendered dismissing the action on the merits, and plaintiffs appeal.

*Byers & Augir,* for appellants.

The statute provides that if the mortgaged premises consist of separate and distinct farms or tracts, they shall be sold separately. It is conceded that this provision is directory only, and that this sale is not void, but is voidable for cause shown. While there is no sound reason for this construction, it has been established as a rule of law to such an extent as to make it inadvisable to set it aside; but there is no good reason for pushing the operation of the rule beyond its present limits. *Willard* v. *Finnegan,* 42 Minn. 476.

A sale *en masse* will not be upheld if objected to in time. Freeman, Ex. § 296; Jones, Mortg. § 1857. The mortgagee, in selling under the power, is in a position of trust, and must have due regard for the interests of the mortgagor or subsequent incumbrancers. Jones, Mortg. § 1906.

*Theodore Bruener* and *Bruckart & Brower,* for respondents.

There was no request made at the foreclosure sale by either of the plaintiffs to have the premises sold in separate parcels. There is no claim made by the plaintiffs that the foreclosure proceedings were in any way irregular or tainted with fraud. The defendants insist that the complaint does not state facts sufficient to constitute a cause of action.

DICKINSON, J. In November, 1891, this action was commenced, the relief sought being the setting aside of a mortgage foreclosure

sale which was made by the defendants in April, 1891, in the exercise of the power of sale contained in the mortgage. The alleged defect in the foreclosure sale was that while the mortgaged premises are claimed to have embraced separate tracts they were sold together. The following abbreviated statement of the facts as found by the court will suffice for an understanding of the matter to be decided:

The mortgage thus foreclosed was executed in October, 1884, by Edwin Clark to William Bohmer, whose estate is represented by the defendants. The mortgaged premises were described as "Mill block, in Clark's addition to Melrose, according to the recorded plat,  *  *  * [here follows a description of certain rights of flowage as appurtenant to or connected with the water power conveyed;] also lots one, seven, eight, and nine, in block four, in the town, now village, of Melrose."

At that time the "Mill Block" so described was one entire tract, not subdivided into lots or parcels, and had a mill on it. Immediately west of the south end of the mill lot, and near the mill, was a public highway or street called "Morris Avenue," running north and south. Immediately across this street, west of the mill lot and mill, was the mortgaged lot one, (1,) in block four, (4,) and immediately west of that lot were the other mortgaged lots, nine, (9,) eight, (8,) and seven, (7,) in the same block, and in the order named; all being contiguous lots. Lot one (1) in that block, ever since the giving of the mortgage, has been used in connection with the operation of the mill. Lots nine, (9,) eight, (8,) and seven (7) were and have remained unimproved, except that across lots eight (8) and nine, (9,) as well as across lot one, (1,) is a railroad side track, connecting the mill with a railroad line, and used for transporting grain and flour between the mill and the railroad line.

In 1886, Clark, the mortgagor, sold and conveyed to the defendant Kraker a small part of the mortgaged premises which may be designated as "Lot 2," for the price of $50; and in February, 1891, as the court has found, the defendants Kraker and Haskamp, as executors, released and discharged this "Lot 2" from the lien of the mortgage, without the consent of the plaintiffs, and without releasing any part of the mortgage debt.

In 1889 the mortgagor, Clark, platted the Mill block into eighteen lots, as an "addition to Melrose," the plat of which was recorded. An alley was platted across the property, and this separated lots numbered from ten (10) to eighteen, (18,) inclusive, from the other platted lots. Afterwards the mortgagor, Clark, erected a block of stores on lots fifteen (15) to eighteen, (18,) inclusive, a part of which was occupied as an office for the mill, and a part of which was rented for other purposes.

The plaintiff Johnson, who has not joined in this appeal, became the owner of two mortgages executed by Clark subsequent to the Bohmer mortgage, and covering parts of the premises included in the Bohmer mortgage.

A part of the previously mortgaged property was conveyed by the mortgagor, Clark, to the plaintiff the Clark Milling Company, and other parts of it were mortgaged to the plaintiff John M. Clark, and these conveyances and mortgages were recorded prior to the foreclosure proceedings in question.

At the foreclosure sale in April, 1891, all of the property as mortgaged to Bohmer, excepting "Lot 2" which had been released as aforesaid, was sold as one entire tract for the gross sum of $17,020.50, the full amount of the mortgage debt; the executors, these defendants, being the purchasers. In November following this action was commenced to set aside the sale. The whole of the property sold was worth over $95,000 at the time of the sale.

Upon the facts found, to which we have referred, judgment was directed and entered for the defendants. This appeal is from the judgment.

There is no allegation of fraudulent conduct on the part of the defendants in connection with the sale. The real ground upon which relief is sought is that the appellants are prejudiced in the exercise of their rights of redemption by reason of the entire mortgaged property having been sold for one gross sum, so that none of the appellants who have interests in separate portions of the premises could protect their respective interests by redemption without paying the full amount for which the whole mortgaged property (excepting "Lot 2") had been sold. It is conceded by the appellants that un-

der the law of this state, as settled by judicial construction, the sale was not void, but only voidable, for good cause shown.

If, at the time of the giving of the mortgage, the mortgaged premises did not consist of separate and distinct tracts, within the meaning of the statute, a foreclosure sale of the entire tract as mortgaged would have been rightful, and not invalid, even though, by reason of a subdivision of the property by the mortgagor, subsequent to the giving of the mortgage, and an acquisition of interests by other persons in separate portions of the property, such equities may have arisen that a court of equity, upon timely application, would have required the sale to be made in separate parcels. *Johnson* v. *Williams,* 4 Minn. 260, (Gil. 183;) *Paquin* v. *Braley,* 10 Minn. 379, (Gil. 304); *Abbott* v. *Peck,* 35 Minn. 499, (29 N. W. Rep. 194;) *Willard* v. *Finnegan,* 42 Minn. 476, (44 N. W. Rep. 985;) *Ryder* v. *Hulett,* 44 Minn. 354, (46 N. W. Rep. 559.) The decisions in *Tillman* v. *Jackson,* 1 Minn. 183, (Gil. 157,) and *Lamberton* v. *Merchants' Nat. Bank,* 24 Minn. 281, established the rule for this state that execution sales in gross, as one parcel of lands consisting of separate tracts, are not void because of such noncompliance with the statutory direction, but only voidable for cause shown. In *Willard* v. *Finnegan, supra,* it was considered that the same rule was applicable with respect to foreclosure sales of separate parcels. We are thus led to the conclusion that even though, as the appellants contend, the four lots in block four (4) should be regarded as having constituted a tract or tracts distinct from the Mill block, at the time of the giving of the mortgage, still the sale in gross was only voidable, and not void.

But while interested parties may, if they will, protect themselves from a mode of sale which would be prejudicial and inequitable as to them, we are of the opinion that these plaintiffs do not show themselves entitled to have this sale set aside. Presumably they were seasonably notified of the sale, and might have been present to attend to their interests which they knew would be affected by the sale. Whether or not they were present is not shown. They knew that the mortgage being foreclosed was executed before there had been any subdivision of the property, unless as to the four lots in block four (4;) and, in view of this fact and of the situation and

use of the property, concerning which they presumably had knowledge, it would seem that they should have anticipated that the mortgagee, might sell the property in gross, as it had been mortgaged, unless they should object thereto. Yet no excuse is shown for their neglect to object to this mode of selling. If they were present, and did not object, they would be deemed to have acquiesced. But assuming that they did not attend the sale, and hence did not object, such neglect, unexcused, under the circumstances here referred to, is a sufficient reason why their suit to set aside the sale commenced some seven months thereafter should not be entertained with favor. If they had sought by request or objection to have the sale made in parcels, their wishes might have been complied with. It was said in *Johnson* v. *Williams, supra,* "when the mortgagor allows the sale to take place without interference or objection on his part, he must excuse such neglect fully, or a court of chancery will not relieve him."

There was nothing to invalidate the sale in the fact of the sale of "Lot 2" by the mortgagor in 1886, and the subsequent release of that lot by the defendants. Upon such sale the vendee became equitably entitled to have the other mortgaged premises first sold or applied in satisfaction of the debt, and the mortgagee would be justified in first selling the remaining lands. *Johnson* v. *Williams,* 4 Minn. 260, (Gil. 183.) Forbearance to sell "Lot 2" under the mortgage would be sanctioned in a court of equity, and the validity of the sale of the other lands was not impaired by the fact that the previous equity in favor of the purchaser of "Lot 2" had been supplemented by the formal release.

There is no merit in the assignment of error based on the fact that the court on motion and hearing amended its findings of fact, and conclusions of law.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 706.)