# Thomas P. Lucas

### *v.*

## Benjamin Nichols *et al.*

1. CHANCERY—*relief against judgment—remedy at law.* Where the maker of a promissory note given for money bet on the result of an election, neglected to make his defense at law when sued: *Held*, that a court of equity would not relieve against the judgment.

2. But, owing to the statute prohibiting gambling at cards or other games, a court of equity will set aside a judgment upon a note given for money won in gaming, notwithstanding the maker had a complete defense at law.

3. SAME—*enforcement of contract for extending time of redemption from sale on execution.* It seems that, if a purchaser of land under an execution prevents the judgment debtor from redeeming within the twelve months, by promising to extend the time, and then refuses to permit the redemption, a court of equity would grant relief, even though the contract rested merely in parol, on the theory of presumptive fraud.

4. REDEMPTION *from judicial sale—enforcement of contract extending time of.* But an agreement to give further time to redeem from sheriff's sale of land, made after the expiration of twelve months from the day of sale, would not be obligatory, if made without consideration, or if resting in parol, when the statute of frauds is set up. Such a promise could not operate as a fraud upon the debtor by inducing him to sleep upon his right of redemption, as such right would not then exist.

APPEAL from the Circuit Court of Woodford county; the Hon. Samuel S. Richmond, Judge, presiding.

This was a bill in chancery, by appellant against appellees, to set aside a judgment at law, on the ground that the note upon which it was based was given for money bet on the result of an election. The bill also sought to enforce an alleged agreement extending the time for redeeming the land sold under the judgment. The court below dismissed the bill.

Messrs. Clark, Kettelle & Baker, for the appellant.

Messrs. Bangs & Shaw, and Messrs. Chitty & Page, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

In the case of *Abrams* v. *Camp*, 3 Scam. 290, this court held that chancery would not relieve against a judgment rendered upon a note given for money won in gaming, where the complainant had had an opportunity to make his defense at law, and had failed to do so.

In *Mallett* v. *Butcher*, 41 Ill. 382, the case of *Abrams* v. *Camp* was overruled upon this point, the court adhering to the general doctrine in regard to *laches*, but holding that, under the stringent language of our statute prohibiting gambling at cards or other games, the rule could not be applied to the case under consideration. That suit was brought for the purpose of setting aside a judgment rendered upon a promissory note given for money lost at cards, and the statute expressly says that such judgments may be set aside.

The case now before us, however, does not fall under that statute. This note was not given for money lost by betting at cards or other games, but by betting on the result of an election. The suit upon the note might have been successfully resisted, but the defense would have been made under the statute prohibiting bets upon elections, and not under that prohibiting gambling. It may be that such betting is intrinsically as objectionable as betting upon the result of a game at cards, but the legislature has not thought proper to enforce its prohibition by provisions equally stringent. We must, therefore, apply the general rule, and hold that, as the complainant could have made his defense at law, and neglected to do so, he can not now ask the aid of a court of equity to set aside the judgment.

The complainant also insists that, after his land was sold under the judgment and execution, he made an arrangement with the purchaser for its redemption, which the court ought to enforce.

If a purchaser under an execution prevents the judgment debtor from redeeming within the twelve months, by promising to extend the time, and then refuses to permit the redemption, the debtor would have strong grounds for asking the aid of a court of chancery, on the theory of presumptive fraud, even though the contract rested merely in parol. But in the case at bar it would be difficult to hold, on the testimony, that any positive or definite arrangement for redemption was ever made, and the preponderance of the testimony is that even the negotiation between the parties did not commence until after the expiration of the twelve months from the day of sale. At that time the interest of the complainant in the land was extinguished, and even a promise then made by the defendant to allow the complainant to redeem would not have been obligatory if made without consideration, or if resting only in parol, the statute of frauds being set up, as it has been in this case. Such a promise could not operate upon the judgment debtor as a fraud by inducing him to sleep upon his legal right of redemption, as such right would not exist. It would be, in substance, merely a sale of the land, and the agreement should be in writing and supported by a consideration.

The decree must be affirmed.

*Decree affirmed.*