## JEREMIAH HONNIHAN
## v.
## JOHN FRIEDMAN.

1. CONTRACT—CONSIDERATION—EXTENSION OF TIME TO REDEEM.—If one agrees, in consideration of the extension of the time to redeem being allowed him, to allow the statutory period to pass without redemption and does let it pass, he gives up a valuable right and privilege in consideration of such promise and privilege, and the court is of opinion that this would be a sufficient consideration to support the contract. Where, in consideration of the time of redemption being extended beyond the time allowed by law, it was agreed by and between appellee and appellant, that appellant should pay appellee all taxes and assessments paid by appellee on said premises, together with eight per cent. interest thereon, etc. Held, that this was a distinct agreement to extend the time, and for a valuable consideration.

2. SAME.—The right to redeem during the twelve months is a mere option to redeem or not on the part of the owners of the land sold, and if a further consideration passes for an extension of that option six months longer, it would seem to be a valid contract without any absolute agreement that the owner would redeem within the extended time.

3. REPRESENTATIONS—FRAUD—IMPLIED ASSENT.—Where promises to extend the time to redeem, and representations made by appellee that he would under no circumstances take advantage of appellant, in case he allowed the time to pass, were made with a fraudulent and dishonest intent to induce appellant to sleep upon his rights until too late, for the purpose of obtaining his farm at an inadequate price, and these promises were repeated from time to time, and at times when appellant was about to procure the money to redeem, and were never withdrawn, but continued to the last moment within which redemption could be made. Held, that it was not

Honnihan v. Friedman.

necessary for appellant to say in express terms, that he would allow the time for redemption to expire without making the redemption, in consideration of appellee's promises, but it was sufficient if he relied upon such promises and did let it pass; appellant's assent, if necessary, would, under the circumstances, be implied.

APPEAL from the Circuit Court of Peoria county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed July 27, 1883.

Mr. GEORGE A. WILSON and Messrs. PUTERBAUGH & PUTERBAUGH, for appellant; cited Lucas v. Nichols, 66 Ill. 41.

Messrs. STARR & STARR, for appellee; cited Stuber v. Schack, 83 Ill. 191.

LACEY, P. J.  Appellant filed his bill in equity in the circuit court, seeking to redeem certain lands of his from sheriff's sale made under execution issued on a judgment of foreclosure of a mortgage in certain *scire facias* proceedings, the judgment having been entered Dec. 24, 1880, and the sale taking place March 18, 1881. The judgment was for the sum of $2,793.30, and the amount for which the land was sold was $2,937.15. The court below sustained a demurrer to the bill, and the appellant abiding his bill, the same was dismissed at his costs and an appeal taken to this court.

The bill was filed June 24, 1882, some days after the expiration of the fifteen months allowed by statute in which redemption could be made, even by judgment creditors. The grounds on which a redemption is sought, are certain fraudulent representations and promises and agreement made by appellee to and with appellant, in regard to the former's right to redeem after the expiration of the time allowed by law. By the demurrer, the allegations of the bill were admitted, and must be regarded as true as far as well pleaded. The substance of the allegations of the bill, as regards the alleged fraud and agreement, is as follows: That the farm is worth at least $1,600 more than the money required to redeem, and that appellee at different times before and after the sale and before the time of redemption expired, fraudulently and with the intent to wrongfully obtain appellant's farm for the sum bid on it,

voluntarily stated to him at a time when appellant had his arrangements nearly completed to obtain the money necessary to redeem, and knowing that fact, that he could have at least six months after the twelve months had expired in which to redeem, and that if appellant should not be able to obtain the requisite sum of money in six months time after the 19th day of March, 1882, that then appellant might have all the time he might deem necessary, and represented that he, appellee, would not, under any circumstances whatever, take any advantage of appellant on account of the expiration of the legal time to redeem, and would not, under any circumstances, deprive appellant of his home; that he was appellant's neighbor and friend, and would treat and deal with him as a neighbor and friend. That on the 10th day of March, in consideration of the time of redemption being extended beyond the time allowed by law, it was agreed between them that appellant should pay appellee all taxes and assessments paid by the latter on the premises with eight per cent. interest thereon, and in addition thereto, appellant agreed to pay all costs and expenses, including a reasonable attorney's fee, which appellee had expended or to be paid him on account of appellant's failure to redeem from said sale within the time allowed by law.

That these propositions, promises and representations were made for the purpose of misleading appellant, and for the purpose of preventing him from making the proper and necessary effort to obtain and pay appellee the amount due him within the time allowed for redemption, for the purpose of obtaining title to the farm for the amount of his bid. That appellant fully relied on such promises and representations, and, for that reason, allowed the twelve months allowed for redemption to expire, being fully able to have raised the money within the time. That on or about the 1st day of June, 1882, after the time for redemption had expired, appellant offered to fully redeem from said sale, but that the appellee fully refused, and informed him that he would not be satisfied with anything less than appellant's farm. The bill offered to redeem and pay all that was due. It is insisted on the part of counsel for appellee, that there is no consideration for the agreement, that there was

Honnihan v. Friedman.

no specified time for the fulfillment, and that the bill does not allege a mutual agreement.   In this case the consideration that is claimed on the part of the appellant is, that he gave up the legal right to redeem within the time required by law upon the promise that the time should be extended at least six months. If this case rested simply upon the ground of contract, we think that this would be consideration enough, and, besides, it is claimed that appellant promised, in consideration of the extension of the time for redemption, to pay appellee certain extra costs and expenses which he would not be liable in law to pay if he redeemed within the time allowed by law.   It is claimed that no definite agreement was made by the appellant, by which he undertook to redeem at any particular time; in other words, he did not promise to redeem at all.   We do not think that this is really necessary.   The right to redeem during the twelve months is a mere option to redeem or not on the part of the owner of the land sold, then, if a farther consideration passes for an extension of that option six months longer, it would seem to be a valid contract, without any absolute agreement that he *would* redeem within the extended time.   If one agrees, in consideration of the extension of the time to redeem being allowed him, to allow the statutory period to pass without redemption, and does let it pass, he gives up a valuable right and privilege in consideration of such promise and privilege.   In this case, it was worth $1,600. But, it is insisted by appellee's counsel, that appellant did not in so many words agree to let the time for redemption pass, but we think, taking the allegations of the bill together, that it clearly amounts to that.   It is alleged in the bill, " that, on or about the 10th of March, 1882, in consideration of the time of redemption being extended beyond the time allowed by law, it was agreed by and between appellee and appellant, that appellant should pay appellee all taxes and assessments paid by appellee on said premises, together with eight per cent. interest thereon," etc., as set out in full above.

It seems to us that here is a distinct agreement to extend the time and for a valuable consideration.   But aside from this, the bill shows that the promises to extend the time to re-

deem, and representations made by appellee that he would under no circumstances take advantage of appellant, in case he allowed the time to pass, were made with a fraudulent and dishonest intent to induce appellant to sleep upon his rights until too late, with the intention of obtaining his farm for an inadequate price, and that these promises and representations were repeated from time to time, and at times when appellant was about to procure the money to redeem, in order to prevent him from so doing—all for the same purpose; that the appellant relied upon such fraudulent representations and promises, and allowed the time to pass. In other words, that the attempted fraud was successful, so far as to induce the contemplated action on the part of appellant. The promises and representations made to appellant were never withdrawn, but continued to the last moment within which redemption could be made. It was not necessary for appellant to say, in so many words, or in express terms, that he would allow the time for redemption to expire without making the redemption in consideration of the appellee's promises, but it was sufficient if he relied upon the promises and representations and did let it pass—appellant's assent, if necessary, to be had before the expiration of the time for redemption, would, under the circumstances, be implied. It was made manifest by his relying on appellee's promises and allowing it to pass. A case very similar to this one in facts and principles involved has lately been passed upon by the Supreme Court. We refer to the case of the Union Mutual Life Ins. Co. v. White, 106 Ill. 67. In that case the facts were that White, being indebted to the insurance company in a large sum of money secured by a trust deed on land, sought to redeem by the bill, and the sum falling due, the company advertised and sold the farm and bid it in for the sum of $10,000, a sum much less than the debt and much less than the land was worth. Redemption was allowed in the case on the grounds that previous to the sale it had been agreed between White and the agent of the company that, in case sale took place, the former should have the right to redeem the land by paying all his indebtedness within a reasonable time. And, upon the existence of such an

Honnihan v. Friedman.

agreement being disputed, the court says, "if there was no such an agreement, then the officers of the company committed an egregious fraud on White in inducing him to believe there was such an agreement, for the purpose of procuring property worth from $45,000 to $48,000, for $10,000. · But if either is true it leads to the same conclusion." In that case the Statute of Frauds was set up by the insurance company and insisted upon, and the court says, in relation to it: "It was not intended by the adoption of the statute to facilitate the perpetration of, and to protect fraud, but to prevent it, and the courts have never lent themselves to assist or protect fraud which the statute did not sanction by its adoption. The courts will not permit the statute to be used as an engine of fraud, as its purpose was its suppression.

White allowed the sale to be made of his property when he might have redeemed, in reliance on the promise to be allowed to redeem afterward, the same as appellant in this case allowed the time of redemption to expire when he might have redeemed, relying upon a like promise on the part of appellee. The court held in that case, that he was entitled to redeem, and we think, on the same principle, appellant should be allowed to redeem in this upon the facts set up in the bill. Reigard v. McNeil, 38 Ill. 400; Schoonhoven v. Pratt, 25 Ill. 457; Pensoneau v. Pulliam, 47 Ill. 58; Stephens v. Ill. M. F. Ins. Co. 43 Ill. 327; Davis v. Dresback, 81 Ill. 393, are cited in that opinion as in point, and we think they are applicable here. According to the case made in the bill, it would be most inequitable and unjust to allow appellee, by keeping the land, to deprive appellant of $1,600 in value without paying an equivalent therefor. More particularly, we think the Supreme Court in the case of Lucas v. Nichols, 66 Ill. 41, cited by appellant's counsel in his brief, has recognized the right to equitable relief in a case of fraud like this.

The demurrer to the bill should have been overruled and the appellee required to answer. The court below erred in sustaining the demurrer and dismissing the bill. The decree is therefore reversed and the cause remanded.

Decree reversed and remanded.