SETH ABBOTT and others *vs.* DENNIS L. PECK and Wife.

September 7, 1886.

Mortgage Foreclosure by Advertisement—Sale in Parcels.—A. mortgaged lands to P., by government description, and thereafter caused the same to be surveyed and platted into lots and blocks, with streets and alleys. P. joined in the plat and dedication, and thereafter, upon default of the mortgagor, foreclosed and sold the land in separate blocks, as described on the plat. *Held*, that the sale was not necessarily void because the premises were not sold in smaller parcels, or in lots or half blocks.

Same—Action to Set Aside Sale—Laches.—And where the action to set aside a sale for such cause was delayed until after the time for redemption had expired, and the complaint failed to disclose any excuse for such delay, or to set forth the facts showing any special equities on the part of the plaintiffs, *held*, that a demurrer to the complaint was properly sustained.

On August 1, 1883, Seth Abbott, the plaintiff, being the owner thereof, duly mortgaged to the defendant Dennis L. Peck a certain tract of land, to secure the payment of $36,000. Afterwards Abbott and Peck caused the land to be surveyed and platted into 8 blocks, which were divided into lots. All the blocks, except block 1, were divided into two parts by alleys. Peck joined in the dedication on the plat, and released the lien of his mortgage from the streets and alleys. Default having been made in the terms of the mortgage, it was foreclosed by advertisement, the sale being made on November 22, 1884. At the sale, blocks one to seven inclusive were each offered separately as one

tract, and were sold to Peck.    Lots 17 to 24 inclusive of block 8 were also sold to Peck.    None of the real estate, except block one and the lots in block eight, was otherwise offered for sale in separate tracts. Subsequent to the platting and prior to the mortgage foreclosure, the plaintiff Abbott, at various times, conveyed various lots in different blocks to his co-plaintiffs.

The plaintiffs brought this action in the district court for Hennepin county, in January, 1886, to have the foreclosure sale adjudged null and void.    The complaint, after stating the facts above recited, alleges that, by reason of the acts of the defendant Dennis L. Peck, the mortgaged premises sold for a grossly inadequate price, and that they were worth the sum of $72,600, being about twice the amount bid at the sale.    The plaintiffs appeal from an order by *Lochren*, J., sustaining a demurrer to the complaint.

*Thomas Canty*, for appellants, cited *Piel* v. *Brayer*, 30 Ind. 332; *Cartwright* v. *McFadden*, 24 Kan. 662; *Patterson* v. *Miller*, 52 Md. 388; *Lee* v. *Mason*, 10 Mich. 403; *Tatum* v. *Holliday*, 59 Mo. 422; *Miller* v. *Mann*, 55 Vt. 475; *Durm* v. *Fish*, 46 Mich. 312, (9 N. W. Rep. 429;) *Worley* v. *Naylor*, 6 Minn. 123, (192;) *Barney* v. *Keokuk*, 94 U. S. 324; *Bailey* v. *Culver*, 12 Mo. App. 175, 183; *Hickok* v. *Trustees of Plattsburgh*, 41 Barb. 130; *Morris* v. *Bowers*, Wright, (Ohio,) 749; *Farnham* v. *Jones*, 32 Minn. 7, (19 N. W. Rep. 83;) Gen. St. 1878, c. 81, § 9.

*Smith & Reed*, for respondent, cited *Paquin* v. *Braley*, 10 Minn. 304, (379;) *Lalor* v. *McCarthy*, 24 Minn. 417; *Bottineau* v. *Ætna Life Ins. Co.*, 31 Minn. 125, (16 N. W. Rep. 849;) *Butterfield* v. *Farnham*, 19 Minn. 58, (85;) *Menard* v. *Crowe*, 20 Minn. 402, (448;) *Bidwell* v. *Whitney*, 4 Minn. 45, (76;) *Johnson* v. *Williams*, Id. 183, (260;) *Dickerson* v. *Hayes*, 26 Minn. 100.

VANDERBURGH, J.    The mortgage described in the complaint embraced a certain tract of land, described by government subdivision, and was executed by Seth Abbott to Dennis L. Peck, August 1, 1883. Within a short time thereafter the mortgaged premises were surveyed and platted into blocks, eight in number, which were numbered and subdivided into lots, also numbered.    Each block, except block 1, was platted with an alley 14 feet in width running through it.    The

premises were so subdivided with the approval of the mortgagee, and the streets and alleys laid out and designated on the plat were duly dedicated to the public, the mortgagor and mortgagee both uniting in the grant. Upon the subsequent foreclosure of the mortgage by Peck it appears that the premises were sold in separate blocks, as shown by the plat, except that certain lots in block 8 were sold separately. These lots, together with block 3, were afterwards redeemed by the grantees of Abbott. Other lots and blocks had been previously sold by him to divers persons, who are joined as plaintiffs in this suit.

The complaint shows that "none of said real estate was offered in separate tracts at said foreclosure sale, except block 1 and said lots in block 8;" and that, by reason of such irregularity, the mortgaged premises sold for a grossly inadequate price.

The legal questions involved arose upon a demurrer to the complaint, which was sustained by the trial court.

Plaintiff's objection is not that the land was not sold in separate lots as platted, but he insists that the blocks with alleys were thereby divided, each into separate half blocks or parcels, which should have been sold separately. If the mortgagee had not joined in the dedication upon the plat, he would presumptively have been entitled, under the power of sale, to sell the premises as described in the mortgage, and the mortgagor could not, without his consent, withdraw dedicated streets and grounds from the lien of the mortgage. *Lamerson* v. *Marvin*, 8 Barb. 9; *Griswold* v. *Fowler*, 24 Barb. 135; *Hubbell* v. *Sibley*, 5 Lans. 51; *Johnson* v. *Williams*, 4 Minn. 183, (260;) *Paquin* v. *Braley*, 10 Minn. 304, (379.)

How far equity, in such a case, might, on a proper showing, control the manner of conducting the sale, we need not inquire. But here the mortgagee was bound by the dedication, and any sale made by him was necessarily subject thereto; and the sale of these blocks by the designated numbers was, of course, subject to the public easement in the streets and alleys, precisely as if the same were conveyed by similar descriptions by deed. The appellant raises no question as to the regularity of the sale of block 1, though including several lots; but the remaining blocks are also subdivisions of the plat, in like manner designated by numbers descriptive thereof. A block

with an alley is not, for all purposes, so conveniently situated for use in one parcel as one without an alley, but it may be so occupied, by one owning all the lots, as a single tract or farm so occupied may be intersected by highways. And it is not made to appear by the complaint that any of the lots have been improved or occupied, so that they might be more advantageously sold by grouping them in half blocks, or by observing any other particular order of sale.

The time of redemption had expired before this action was brought, and, in the absence of any allegation or evidence to the contrary, we must presume that all persons interested had actual and seasonable notice of the sale. And the complaint does not show that the mortgagee, Peck, had been notified of the alienation of any portion of the premises not released, or that the several blocks were not still owned by the mortgagor. The mortgagee is not bound, at his peril, to ascertain whether any of the mortgaged lands have been aliened or subsequently incumbered. In order to impose upon him the duty to regard equities arising subsequent to the mortgage, he must have knowledge of the facts, or notice sufficient to put him upon inquiry. *Howard Ins. Co.* v. *Halsey,* 8 N. Y. 271, (59 Am. Dec. 478.) We do not think, therefore, especially in view of the unexcused delay in taking proceedings to set aside the sale for this cause, that the sale should be held void, upon the showing made in the complaint.

As said by the court in *Cunningham* v. *Cassidy,* 17 N. Y. 276, 281: "If we hold this direction to be so fundamental as to impeach titles where there has been no attempt to correct the irregularity, the consequences can hardly fail to be disastrous. A great number of titles would be open to question and doubt. * * Indeed, the very inquiry whether the land sold existed in ' separate lots or tracts,' would often be attended with great difficulty. It might be a known block in a city subdivided by arbitrary lines into contiguous lots, or a single farm composed of parcels from different lots, or a known lot occupied in separate farms by different tenants. Many embarrassing questions would arise, and many titles be endangered which ought not to be disturbed."

2. There is no foundation for the fourth and fifth assignments of error. The notice of sale substantially conforms to the statute. It

was sufficient to state that the mortgage would be foreclosed by a sale of the premises pursuant to the statute. It was not necessary to state in what order the sale would be conducted, or that it would be in particular parcels. It is also evident, from the face of the complaint, that default had been made in the condition of the mortgage. The several payments alleged were, in each instance, properly applied to the principal, after extinguishing the interest then due, according to the prevalent rule in such cases.

Order affirmed.