Susan B. Willard *vs.* Andrew J. Finnegan.

February 7, 1890.

**Mortgage—Sale of Separate Tracts as One Parcel**—A sale, under a power in a mortgage, in gross as one parcel, of several separate and distinct tracts of land, is not void, but only voidable for good cause shown, as that it was the result of fraud, or that prejudice resulted to the mortgagor or owner of the equity of redemption.

**Same—Redemption by Judgment Creditor after Tender of the Judgment Debt.**—A. executed a mortgage to M., and subsequently conveyed to W. M. foreclosed his mortgage, and purchased the property at the sale. Neither A. nor W. redeemed from the sale, but a redemption was

made by F., as a judgment creditor of A., who obtained a certificate of redemption. But before F. redeemed, A. duly tendered him the amount due on his judgment, which he refused to accept. *Held* that, as between F. and W., (who had no interest in the property,) the redemption was valid; that M., the purchaser at the mortgage sale, alone could raise the question whether the tender discharged the lien of F.'s judgment, so as to terminate his right to redeem.

Cross-appeals from an order of the district court for Hennepin county, refusing a new trial after a trial by *Smith*, J., who held that neither party was entitled to relief, and ordered judgment of dismissal.

*L. E. Stetler*, for plaintiff.

*A. D. Smith*, for defendant.

MITCHELL, J. Action to determine an adverse claim of defendant to real property of which plaintiff alleges she is the owner. The defendant denies plaintiff's title, alleges that he is the owner, and asks that it be so adjudged. Plaintiff's title depends upon the validity of a sale, under a power, on a mortgage executed by her grantor, one Abbott, to the Maloneys. Defendant's title depends upon a redemption by him, as a judgment creditor of Abbott, from the sale on the Maloney mortgage. The facts are that Abbott executed to the Maloneys a mortgage on a piece of land according to government description, then constituting a single tract; but subsequently he platted the land, dividing it into urban lots and blocks, the Maloneys not joining in the plat. Under these facts, the Maloneys would doubtless have had the right to sell the entire premises as one tract, as it was described in their mortgage; at least, in the absence of a request that the sale be in separate parcels, by one interested in the property, who had some equitable right to have it sold in that way in order to protect his interests. *Johnson* v. *Williams*, 4 Minn. 183, (260;) *Paquin* v. *Braley*, 10 Minn. 304, (379;) *Abbott* v. *Peck*, 35 Minn. 499, (29 N. W. Rep. 194.) But where the mortgagor, subsequent to the mortgage, divides the premises into separate tracts, as by platting it into lots and blocks, the mortgagee has the right to adopt this division, and sell the property, as the Maloneys did in this case, as lots and blocks, according to the descriptions in the plat. But, if he does

so, properly he should sell the different tracts according to the plat separately; whereas, in the present instance, although described in the notice of sale according to the plat as separate lots and blocks, all were sold together for one gross sum. This, it is claimed, rendered the sale absolutely void.

The statute provides that, "if the mortgaged premises consist of separate and distinct farms or tracts, they shall be sold separately." Gen. St. 1878, c. 81, § 9. Whether a sale contrary to the statute renders it absolutely void, or only voidable where it is made to appear that there was fraud, or that the disregard of the statute resulted in actual prejudice to the mortgagor or owner of the equity of redemption, is a question upon which there is some conflict of authority, at least in the case of non-judicial sales. As early as *Tillman* v. *Jackson*, 1 Minn. 157, (183,) it was held that a similar provision as to sales on execution was only directory, and that a violation of it by the sheriff would not invalidate the sale. This case, having stood apparently unquestioned for 23 years, was followed and recognized as having become a rule of property in *Lamberton* v. *Merchants' Nat. Bank*, 24 Minn. 281, in which this court held that a sale on execution in gross, as one parcel, of several distinct and separate tracts of land not lying in a body, is not void, but might be vacated for cause shown, as that it was the result of actual fraud, or that prejudice resulted to the owner from it, or that there was no just ground for making the sale that way. This decision was followed by the United States circuit court for the district of Minnesota, and the same rule applied in the case of a mortgage sale under a power. *Swenson* v. *Halberg*, 1 McCrary, 96, (1 Fed. Rep. 444.) If this doctrine had become a rule of property 13 years ago, it certainly is so yet, never having been, in the mean time, either overruled or questioned. There is no room for any distinction between sales on execution and sales under a power. Neither are judicial sales. A sale by a sheriff on an ordinary execution is a mere ministerial one, made by the officer by the naked authority of the writ and the requirements of the statute. A sale under a power contained in a mortgage is made by the mortgagee or his agent pursuant to the convention of the parties. Viewed from a practical stand-point, we think the better rule is that

a sale contrary to the statute is merely voidable when fraud, prejudice, or other good cause for vacating it is shown. The reasons in its favor given in *Cunningham* v. *Cassidy*, 17 N. Y. 276, although used with reference to a judicial sale, are equally applicable to one under a power. The consequences of a contrary rule would be disastrous. A great many titles would be open to question and doubt. The inquiry whether the land sold consisted in fact of separate and distinct tracts would often be attended with great difficulty. The question would be one of fact, dependent upon evidence *dehors* the record, and perhaps often doubtful or conflicting. The validity of titles ought not to be made dependent upon such extraneous facts. Our conclusion is that the mortgage sale was valid, and, there having been no redemption from it by either Abbott, the mortgagor, or the plaintiff, his grantee, it follows that the latter has no interest in the property. This disposes of her appeal.

2. Defendant, a judgment creditor of Abbott, duly filed his intention to redeem, and seasonably produced to the sheriff who made the sale the proper proof of his right to redeem, paid to such officer the proper amount of money, and received from him a certificate of redemption. The court, however, made what, for present purposes, we may assume was a finding that before defendant made this redemption Abbott made to him a good and legal tender of the amount due on the judgment, which defendant arbitrarily refused to accept. It was on this ground that the learned judge decided adversely to the defendant, holding that this tender operated as a payment of the judgment, or at least as a discharge of its lien, so that he could not afterwards "use it for redemption purposes." Whether, as between defendant and Maloney, the purchaser at the mortgage sale, this proposition is correct or not, we need not inquire. It is a question that plaintiff is in no position to raise. Maloney alone can raise it, as he alone is interested in it. Defendant has made a redemption in fact, which is good on its face. At most, it is merely voidable, at the election of Maloney, on account of the existence of an extrinsic fact. The redemption is good as against the plaintiff, who has no interest in the property. Maloney is not a party to this action, and consequently his interests cannot be adjudicated or in any way af-

fected. A judgment in this case, adjudging that defendant is the owner of the property, will only determine that he is such as between him and the plaintiff, and to such a judgment he is entitled upon the facts found. Upon his appeal, therefore, the order of the trial judge is reversed, and the cause remanded, with directions to render judgment in his favor as prayed for in his answer.

Affirmed on plaintiff's appeal, and reversed on defendant's appeal.