(57 N. W. Rep. 787.)

## JAMES B. POWER vs. J. D. LARABEE.

Opinion filed January 8th, 1894.

### Execution Sale—Inadequacy of Price—Sale En Masse—Redemption— Waiver or Right.

Plaintiff in execution sold over 1,700 acres of defendant's land for $96. The land was worth at least $6,800. It was sold in a lump, although consisting of 11 distinct parcels. Defendant, however, attempted to redeem from the sale, and took from the sheriff, and had recorded, a certificate of redemption. In a suit brought by plaintiff in the execution, who had purchased at the sale, to have this certificate of redemption annulled, defendant asserted the validity of his redemption, setting forth facts in his answer to excuse his failure to redeem in time. Defendant paid the balance due on the judgment after receiving credit for the sum for which his property was so sold under execution, and claimed the benefit of such credit by receiving and filing a satisfaction of the entire judgment. He also waited until 16 months had elapsed since the sale, and 4 months since the time for redemption had expired, before questioning the sale. *Held*, that he had waived his right to have the sale set aside for inadequacy of price, and because of the irregularity in selling separate parcels in one mass.

### Redemption Adequate Remedy.

Where defendant knows of the sale, and has a fair opportunity to redeem, he cannot have the sale set aside because of inadequacy of price, as the redemption right affords him ample protection against a sacrifice of his property.

### Motion to Vacate Sale of Property En Masse.

Where defendant's right of redemption is injuriously interfered with by a sale of several parcels in a lump, the sale will be set aside on motion, if attacked in a reasonable time.

**Motion to Vacate Sale—When in Time.**

>Ordinarily, the defendant must move to vacate the sale for irregularity at least before the redemption period has expired.

**Sale of Property in Lump—Voidable.**

>The sale of separate parcels in a lump does not render the sale void. It is only voidable.

**Purchase by Plaintiff.**

>Nor is a sale void or voidable merely because there is no one present at the sale but the sheriff and the plaintiff, who is the only bidder. Such a sale might, however, under certain circumstances, be set aside.

Appeal from District Court, Barnes County; *Rose,* J.

Action by J. B. Power against J. D. Larabee to cancel a certificate of redemption of land sold on execution. From an order vacating the sale, plaintiff appeals.

Reversed.

*J. E. Robinson,* for appellant.

A statutory direction to sell land on execution in parcels, where it consists of distinct tracts is directory merely and not peremptory. A sale *en masse* is voidable but not void and a motion to vacate the sale comes too late after the year of redemption. Freeman on Ex. 296; *Griswold* v. *Stoughton,* 84 Am. Dec. 409-403; *Cunningham* v. *Cassidy,* 17 N. Y. 276; *Smith* v. *Randall,* 6 Cal. 47; *Vigareaux* v. *Murphy,* 54 Cal. 351; *San Francisco* v. *Pixley,* 21 Cal. 57; *Tillman* v. *Jackson,* 1 Minn. 183; *Lamberton* v. *Bank,* 24 Minn. 218-288; *Bunker* v. *Rand,* 19 Wis. 253, 88 Am. Dec: 684; *Vilas* v. *Reynolds,* 6 Wis. 214; *Raymond* v. *Holburn,* 23 Wis. 57, 99 Am. Dec. 105; *Rector* v. *Hart,* 8 Mo. 448, 41 Am. Dec. 650; *Mohawk Bank* v. *Atwater,* 2 Paige 54; *Cunningham* v. *Felker,* 26 Ia. 117; *Roberts* v. *Flemming,* 53 Ill. 196; *Johnson* v. *Hovey,* 9 Kan. 61; *Bell* v. *Taylor,* 14 Kan. 277; *Wilson* v. *Bronnenberg,* 81 Ind. 193; *Aldrich* v. *Wilcox,* 10 R. I. 405.

The sheriff is presumed to have done his duty and his affidavit is not competent to impeach his official acts. Smith, on Sheriffs 216; *Sheldon* v. *Payne,* 7 N. Y. 453; *Baker* v. *Duffee,* 23 Wend. 289; *Fitzgerald* v. *Kimball,* 86 Ill. 396. By comfirmation the sale is

made the act of the court and the judicial sanction cures all defects and irregularities. Freeman on Ex. 304; *Osman* v. *Traphagen*, 23 Minn. 80; *Voorhies* v. *Bank of U. S.*, 10 Pet. 449; *Montgomery* v. *Samonoy*, 99 U. S. 490; *Koehler* v. *Ball*, 2 Kan. 160, 83 Am. Dec. 451.

The right to avoid a sale *en masse* may be waived by acts of ratification or by neglect to assert the right in time. *Cunningham* v. *Cassidy*, 17 N. Y. 276; *Vilas* v. *Reynolds*, 6 Wis. 214; *Roberts* v. *Flemming*, 53 Ill. 196; *Osman* v. *Traphagen*, 23 Minn. 80; *Griswold* v. *Stoughton*, 84 Am. Dec. 409; *Vigareaux* v. *Murphy*, 34 Cal. 354.

*G. K. Andrus & Herman Winterer*, for respondent.

There can be no public sale without bidders or bystanders. *Picketts* v. *Unangst*, 15 Penn. St. 90, 53 Am. Dec. 572.    A sheriffs sale made with no bidders or bystanders present except the plaintiff is collisive and invalid. *McMichael* v. *McDermott*, 17 Penn. St. 353, 55 Am. Dec. 560. A sale *en masse* or for grossly inadequate price is void. Herman on Ex. 223; *Lurton* v. *Rodgers*, 22 N. E. Rep. 866; *Cohen* v. *Menard*, 24 N. E. Rep. 604; *Ollis* v. *Kirkpatrick*, 28 Pac. Rep. 435; *Garvin* v. *Han*, 18 S. W. Rep. 731; *Jackson* v. *Newton*, 18 Johnson 362; *Weaver* v. *Lyon*, 5 At. Rep. 782; *Bean* v. *Hoffendorfer*, 2 S. W. Rep. 556; *Grim* v. *Reinbold*, 23 At. Rep. 1129; *Fletcher* v. *McGill*, 10 N. E. Rep. 651; *Branch* v. *Foust*, 30 N. E. Rep. 631.

CORLISS, J.    The appeal is from an order vacating an execution sale of real estate.    At the sale the plaintiff in the execution bid in the property for $96.    One of the grounds on which the validity of the sale is attacked is the inadequacy of the price for which the property was sold.    There was over 1,700 acres sold at the sale, and it appears that the land was worth at least $4 an acre.    That this in adequacy is so gross as to shock the conscience cannot be doubted.    In addition it appears that the sheriff of the sale utterly failed to comply with the statute which requires him to offer the land for sale in separate parcels.    There were no less than 11 distinct tracts sold in a lump, without even an

attempt to sell them separately. "When the sale is of real property consisting of several known lots or parcels they must be sold separately." Comp. Laws, § 5144. While we are not prepared to say that after a sale has been fairly advertised and conducted, and is regular in every respect, it should be set aside on the sole ground of the inadequacy of the price bid, yet, where the statute requiring a sale in separate parcels has been so grossly violated as in this case, we would have no hesitation in setting aside the sale, were it not for the statute which permits the judgment debtor to redeem from the sale at any time within a year. We cannot see how the debtor can appeal to the inadequacy of the price as a reason for having the sale vacated. The law allows him to overthrow such a sale, to protect him against a sacrifice of his property. Where his title is divested at the sale, his only remedy to protect himself from loss is by attacking the sale itself. But, where a right to redeem after the sale is vested in him by statute, it is not necessary for him to attack the sale to save a sacrifice of his property. Indeed, he will always find it more to his advantage to redeem. By redemption he can wipe out the sale, and destroy the lien of the judgment upon the land, for a trifling sum in comparison with the value of the property on which the judgment was a lien. If the amount bid is less than the amount of the judgment, the defendant, by redemption, secures the same benefit which would accrue to him should the plaintiff voluntarily release the land from the lien of the judgment on payment of only a portion thereof, the land on which it was a lien being worth many times the amount so paid. Where the defendant has full knowledge of the sale, and an opportunity to redeem, the injustice resulting from a sale for an inadequate price will fall, if at all, upon the plaintiff, who may find that the defendant has by redemption secured the release of very valuable property from the lien of a judgment on the payment of a paltry sum upon redemption, leaving the greater portion of the judgment unsecured. It will be an interesting question, when it arises, whether the judgment creditor himself may not have a sale

set aside for gross inadequacy of price when, through excusable mistake on his part, or conduct on the part of the defendant tending to create fears as to the title of defendant, the plaintiff has been deterred from bidding the reasonable value of the land and the full amount due upon his claim, or, in case that amount exceeds the value of the land, has been deterred from bidding the reasonable value of the same. The authorities fully sustain us in our ruling that the right of redemption, where defendant has had knowledge of the sale, and an opportunity to exercise his right of redemption, affords him ample protection against a sacrifice of his property through a sale for an inadequate price. 2 Freem. Ex'n, p. 1050, note; *Mixer* v. *Sibley*, 53 Ill. 61; *First Nat. Bank* v. *Black Hills Fair Ass'n*, (S. D.) 48 N. W. 852-854; *Coolbaugh* v. *Roemer*, (Minn.) 21 N. W. 472.

But there is connected with a sale for an inadequate price, in this case, an irregularity in the shape of the sale of 11 distinct parcels in a lump. What effect has this irregularity in taking the case out of the rule we have just enunciated? The statute makes it the duty of the sheriff to sell separately several known lots or parcels. He should not sell them in a lump. Section 5144, Comp. Laws: "And when the sale is of real property consisting of several known lots or parcels they must be sold separately." This statute was violated. Eleven distinct parcels were sold as one piece. But should the sale be set aside on this account? That depends upon the purpose of the statute and the particular facts of this case. The sheriff is required to sell each parcel separately, for two reasons. One is that the land may bring the best price, and that no more than enough to pay the lien shall be sold; and the other is to enable the defendant to redeem any one or more of the parcels, without being compelled to redeem all the land sold. When sold in a lump it is impossible for him to redeem less than the whole, because their is no basis for redemption of any particular parcel or parcels. Now, so far as the object of the statute is to secure the best price for the property at the sale, the defendant, who has the right to redeem, and has a

fair opportunity to exercise that right, has no interest in the matter. He will always be benefited by a sale like the one in the case at bar, where the property brings less than its value, and less than the amount due upon the judgment. He can redeem, and by redemption he frees his property from a lien for less than the amount due upon the lien, and less than the value of the property. The person who is interested in a sale of separate parcels, so far as the price to be obtained is concerned, is the plaintiff; and it is quite significant that the defendant is not to decide whether the property shall be sold in a lump, or in parcels, against the rights of the plaintiff to have it sold in separate parcels, the statute merely declaring that the defendant may direct the order in which the several parcels shall be sold. Comp. Laws, § 5144. But in so far as a sale in lump interferes with the defendant's right to redeem any particular parcel or parcels, and compels him to redeem property which may not be worth redeeming, and in order to redeem the parcels of value to pay something additional on account of the necessity of redeeming that which it may not be profitable for him to redeem, the duty of the sheriff to sell in separate parcels is absolute. Two parcels of land are sold, one valuable to the owner, the other mortgaged for all it is worth. If sold in a lump, it is impossible to tell how much of the price was bid for the parcel worth nothing to the defendant. The exercise of the right of redemption, therefore, affords him no adequate protection. By reason of the sheriff's failure to obey the statute, the defendant in such a case, if he cannot have the sale set aside, must pay what is bid for both the worthless and the valuable parcel and redeem both, when it would be profitable for him to redeem only one. But if it should appear that the smaller parcel sold was worth more than the total price bid for the whole property, then it would be clear that the defendant had not been prejudiced by the sale in a lump, because it would be profitable for him to redeem such smaller piece by the payment of the total price bid for the whole; and it would be still more profitable for him to be able to redeem at the same time, and in addition, all

the other parcels for the same sum. But in this case we are unable to determine clearly that the defendant has not been prejudiced by the sale of the several parcels in one mass. One parcel consists of only about three acres, and its value may not be more than a trifling sum. Where there is a sale in parcels for an inadequate price, the right of redemption is a sufficient protection against sacrifice; but where the right of redemption is interfered with by selling several parcels in a lump, then it is the duty of the court to set aside the sale, unless the purchaser can show that no possible injury with respect to his redemption right could have resulted to defendant by the disregard of the statute requiring sale in separate parcels. As sustaining our view that in such a case the sale should be set aside, see *Berry* v. *Lovi*, 107 Ill. 612; *Lurton* v. *Rodgers*, (Ill. Sup.) 29 N. E. 866; *Branck* v. *Foust*, (Ind. Sup.) 30 N. E. 631; *Wright* v. *Dick*, (Ind. Sup.) 19 N. E. 306; *Smith* v. *Huntoon*, 134 Ill. 24, 24 N. E. 971; *Graffman* v. *Burgess*, 117 U. S. 180, 6 Sup. Ct. 686; *Cohen* v. *Menard*, (Ill. Sup.) 24 N. E. 604; *Fletcher* v. *McGill*, (Ind. Sup.) 10 N. E. 651.

But we are not necessarily called upon to decide whether the sale should have been set aside under these conditions, as it is apparent that the defendant, by his conduct and delay, has waived his right to attack the sale. He has repeatedly recognized and treated it as valid. He attempted to redeem from the sale, and before this attempted redemption he paid the balance due upon the judgment, and took a satisfaction of the judgment, and had it placed on record. Merely paying the balance of the judgment might not be construed as an acquiescence in the sale; but when after making the payment, the defendant accepted and recorded a satisfaction of the entire judgment, he claimed the benefit of the partial payment resulting from the sale of his land. In his letters to plaintiff's counsel he distinctly states that it is his purpose to redeem. There is no hint to be found in any of them that he claims that the sale is invalid for any reason. To clear up all doubt as to his purpose to abide by the sale, he attempted to redeem therefrom. The sheriff, assuming the redemption to have

been legally made, issued to him a certificate of redemption, which he received and had placed on record. The plaintiff in the execution, who purchased at the sale, having instituted an action to have the redemption certificate annulled, the defendant answered the complaint by asserting anew the validity of the sale, averring that he had redeemed from the sale, and setting forth facts which he claimed excused him from redeeming within the statutory period. To still further emphasize his election not to attack the sale, he waits, not only until after the expiration of the redemption period, but four months thereafter, before making the motion to set aside the sale. Whether the defendant's attempt to redeem was successful, it would not be proper for us to decide in this case. Nor do we wish to be understood as deciding that defendant might not, by suit in equity, be allowed to redeem even after the time had expired, upon making a proper showing excusing his failure to redeem within the statutory time. See, in this connection, *Graffman* v. *Burgess*, 117 U. S. 180, 6 Sup. Ct. 686; *Tice* v. *Russell*, (Minn.) 44 N. W. 886; *Campbell* v. *Leonard*, (Ill. Sup.) 24 N. E. 65; *Trotter* v. *Smith*, 59 Ill. 240; *Honnihan* v. *Friedman*, 13 Ill. App. 226; *Palmer* v. *Douglas*, 107 Ill. 204; *Insurance Co.* v. *White*, 106 Ill. 67; *Griffin* v. *Coffey*, 9 B. Mon. 452; *Adams* v. *Kable*, 6 B. Mon. 384; *Lucas* v. *Nichols*, 66 Ill. 41; *Lurton* v. *Rodgers*, (Ill. Sup.) 29 N. E. 866; *Branch* v. *Foust*, (Ind. Sup.) 30 N. E. 631. But defendant is not seeking to redeem. He is attacking the sale itself. So far he has been successful, despite the fact that the whole trend of his conduct was an emphatic recognition of the sale. It cannot be doubted that a defendant, by his conduct, may waive his right to attack an execution sale as irregular. "Most of the irregularities on account of which sales are set aside may be waived by the parties interested; and this waiver may be presumed from their apparent acquiescence, as well as proved by direct and positive evidence." 2 Freem. Ex'n, § 307; *Tooley* v. *Gridley*, 41 Am. Dec. 628; *Crawford* v. *Ginn*, 35 Iowa 543. See, also, *Rowe* v. *Major*, 92 Ind. 206; *Maple* v. *Kussart*, 53 Pa. St. 348; *McConnell* v. *People*, 71 Ill. 481. The two remedies

are inconsistant. Redemption proceeds upon the theory that the sale is valid and is to stand. After a party has chosen this remedy, has pursued it persistently and has manifested no purpose to attack the sale until after the time for redemption has expired, he cannot, at that late day, change front, and question the validity of the sale he has repeatedly, and for a long time, recognized and affirmed. We do not wish to be understood as intimating that the motion to set aside the sale was made in time. There must be a period after which an execution sale will not be disturbed. All the authorities agree on this point, and there seems to be much force in the view that the defendant must move in a reasonable time, and that, where there is a right of redemption vested by the statute in the defendant, this reasonable time is measured by the statutory period of redemption. 2 Freem. Ex'n, p. 1039, § 307; *Stewart* v. *Marshall*, 4 G. Greene, 75; *Lurton* v. *Rodgers*, (Ill. Sup.) 29 N. E. 868; *Abbott* v. *Peck*, 35 Minn. 499, 29 N. W. 194; *Griswold* v. *Stoughton*, 2 Or. 61; *Raymond* v. *Pauli*, 21 Wis. 531; *Fletcher* v. *McGill*, 110 Ind. 395-406, 10 N. E. 651, and 11 N. E. 779; *Vigoureux* v. *Murphy*, 54 Cal. 346; *Cunningham* v. *Felker*, 26 Iowa, 117; *Fergus* v. *Woodworth*, 44 Ill. 374-378; *Raymond* v. *Holburn*, 23 Wis. 57; *First Nat. Bank* v. *Black Hills Fair Ass'n*, (S. D.) 48 N. W. 852; *Love* v. *Cherry*, 24 Iowa, 210. While it is true that as against the plaintiff, who has bought in the property, the court may set aside a sale even after the redemption period has expired, this can be done only by a proper showing excusing the delay in making the motion. *Fletcher* v. *McGill*, 110 Ind. 395-406, 10 N. E. 651, and 11 N. E. 779; *Lurton* v. *Rodgers*, (Ill. Sup.) 29 N. E. 866; *Branck* v. *Foust*, (Ind. Sup.) 30 N. E. 631; *Land Co.* v *Walker*, (Iowa,) 43 N. W. 294. See, also, *Fletcher* v. *McGill*, (Ind. Sup.) 10 N. E. 651; *Bean* v. *Hoffendorfer*, (Ky.) 2 S. W. 556. It is not necessary for us to decide whether defendant has excused his delay in attacking the sale, as we are clear that he has waived his right to assail it. The learned judge who set aside the sale filed an opinion in which he held that a failure to sell in separate parcels rendered the sale void. We

cannot agree to this proposition. Both principle and authority are against it. The sale is voidable. The defendant may ratify it by his conduct. He may lose his right to assail it by his delay in questioning its validity. We refer to some of the authorities holding that the sale is merely voidable. See authorities cited in 2 Freem. Ex'n, § 296, p. 985, note 7; 12 Am. & Eng. Enc. Law, 216, and cases; *Hudepohl* v. *Mining Co.*, 94 Cal. 588, 29 Pac. 1025; *Reynolds* v. *Tenant*, 51 Ark. 84, 9 S. W. 857; *Lewis* v. *Whitten*, (Mo. Sup.) 20 S. W. 617; *Hoffman* v. *Buschman*, (Mich.) 55 N. W. 458.

The sale appears to have been regarded by the learned judge as void also for the reason that there was no one present thereat except the sheriff and plaintiff's attorney. This ruling was placed upon that provision of the statute requiring the sheriff to sell to the highest bidder. Comp. Laws, § 5144. The reasoning is that there must be at least two bidders at the sale; otherwise, there is no highest bidder. We are clear that this is a too narrow construction of the statute,—one which was never contemplated by the legislature. It would defeat every sale unless the plaintiff could induce some one to bid upon the property. What the statute clearly means is that, after the public have been fairly notified of the sale, the property shall be sold for the best price that can be obtained. It is not necessary that there should be more than one bidder to make a sale a sale at public auction. It is sufficient if the public have been fully advised of the sale by legal publication of notice, and have the right to attend and bid. Those who do not attend the sale assert by their conduct that they do not wish the property at any price. Must the plaintiff's right to collect his judgment be forever stayed because he, alone, is willing to buy the property? We have no doubt on this point on principle, and we are able to cite eminent authority to support our view that the absence of all other bidders did not of itself render the sale either void or voidable. *Learned* v. *Geer*, 139 Mass. 31, 29 N. E. 215; 2 Freem. Ex'n, § 308, pp. 1046, 1047. Such a sale might, under certain circumstances, be set aside, but this case does not present such circumstances. The order. vacating the

sale is reversed, and the court is directed to enter an order deny-
ing the motion to set aside the sale.    All concur.

WALLIN, J., (concurring.)    I think the sale of the realty was
not rendered absolutely void by the sale of separate parcels in
solido, without first offering the parts separately; nor do I think
the sale was made void because no one bid at the sale except the
creditor; but in my judgment the sale was clearly irregular under
§ 5144, Comp. Laws, because the parcels were not separately
offered before being struck off in mass.    Such an irregularity in
the sale of real estate upon execution would, for reasons stated at
length in the opinion by Judge Corliss, furnish sufficient ground
for setting aside the sale by a direct application to the court,
made by motion in the action in which the execution issued.    The
practice of moving by motion in the action to set aside irregular
sales is well established, and is a speedy and convenient remedy.
But in the case under consideration I am quite clear, for reasons
stated fully in the opinion by Judge Corliss that the debtor has
lost his right to make the application.    He has been guilty of
great laches as to time, and has also impliedly waived his rights
by his conduct with reference to the sale.    I fully concur with the
views expressed by Judge Corliss as to the proper disposition to
be made of the case, but I prefer to limit my concurrence to the
grounds I have mentioned, and do not care to express an opinion
upon other features discussed in said opinion.

The order should be reversed.